UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN M. SOLBERG,

        Petitioner,

        v.                                      Case No. 23-C-1482

UNITED STATES OF AMERICA,

        Respondent.

---

## SCREENING ORDER

---

Petitioner John M. Solberg is currently serving a federal sentence at Duluth Federal Prison Camp for mail fraud in violation of 18 U.S.C. §§ 1341 and 2. *See* Case No. 19-CR-213 (E.D. Wis.). His direct appeal is currently pending before the United States Court of Appeals for the Seventh Circuit. *See* Case No. 23-1495 (7th Cir.). This is the third 28 U.S.C. § 2255 motion Solberg has filed while the direct appeal of his criminal conviction has been pending. *See* Case Nos. 23-CV-570, 23-CV-925.

As the court has previously explained, it is well established that, "absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending." *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). The purpose of the rule is to avoid unnecessary or potentially duplicative litigation. *Id.* In this case, Solberg has not alleged any extraordinary circumstances requiring that the court consider the § 2255 motion while the direct appeal of his criminal conviction is pending. Therefore, Solberg's motion for relief pursuant to § 2255 is dismissed as premature. As the court does not reach the merits of Solberg's claims, this order is not a decision on the legality of his detention for purposes of 28 U.S.C. § 2244(a).

Thus, Solberg may later file another § 2255 motion without it being a "second or successive" motion under 28 U.S.C. §§ 2244(b) and 2255(h).

**IT IS THEREFORE ORDERED** that Solberg's motion for relief pursuant to § 2255 is **DENIED as premature**. This action is dismissed without prejudice. Solberg may file a new § 2255 motion *after the resolution of his pending appeal before the Seventh Circuit*. A certificate of appealability is **DENIED**, as the court concludes that its decision is neither incorrect nor debatable among jurists of reason. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 8th day of November, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge